980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
William PICKNEY, Appellee,
v.
R.D. BAILEY; Appellant,
CO-1 Shelton, Defendant.
 No. 92-1778.
 United States Court of Appeals,
 Eighth Circuit.
 Submitted: December 9, 1992.
Filed: December 14, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sergeant R.D. Bailey, a correctional officer, appeals the district court's[1] entry of judgment following a jury verdict in favor of William Pickney, an Arkansas inmate, in this 42 U.S.C. § 1983 failure-to-protect action. Bailey argues that the district court erred in not granting his motions for a directed verdict, judgment notwithstanding the verdict, and a new trial. He also argues that the court erred in refusing to give a jury instruction concerning impeachment of witnesses with convictions. We affirm.
 
 
 2
 In reviewing the district court's denial of Bailey's motions for directed verdict and judgment n.o.v., this court must view the evidence and all reasonable inferences in the light most favorable to Pickney, resolve direct factual conflicts in favor of Pickney, and uphold the verdict if the evidence would allow reasonable jurors to draw different conclusions. See City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 651 (8th Cir. 1989). The verdict may be overturned " 'only where the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.' " Thomas v. Booker, 784 F.2d 299, 305-06 (8th Cir.) (en banc), cert. denied, 476 U.S. 1117 (1986) (quoting Giordano v. Lee, 434 F.2d 1227, 1231 (8th Cir. 1970), cert. denied, 403 U.S. 931 (1971) (emphasis in original)).
 
 
 3
 Pickney testified that he was locked in an exercise yard with inmate Alfay; Bailey removed Alfay's handcuffs; Alfay rushed him and started beating him; Bailey did not have the key to open the exercise yard gate; Bailey had the key to remove Pickney's handcuffs but refused to do so; and Bailey ordered Alfay to stop beating Pickney. Pickney also testified that Alfay's attack lasted fifteen to thirty minutes. Reasonable jurors could conclude that Bailey should have taken some action-other than merely ordering Alfay to stop-during this length of time, and his failure to take action amounted to an intentional or reckless disregard of Pickney's right to be free from violent attack.
 
 
 4
 Bailey also contends that, because the verdict was against the weight of the evidence, the district court erred in denying his motion for a new trial. "The denial of a motion for new trial on this basis 'is virtually unassailable on appeal,' and perhaps should not be reviewable at all by an appellate court." Peterson by Peterson v. General Motors Corp., 904 F.2d 436, 440 (8th Cir. 1990) (citations omitted). We conclude that the district court did not abuse its discretion in denying the motion. There was evidence presented at trial that Bailey took no action other than to order Alfay to stop during a fifteen-to-thirty minute assault. Although there was also testimony that the assault lasted only a few minutes, "[t]he resolution of factual conflicts is properly the role of the jury and the verdict will not be overturned by this Court." Id.
 
 
 5
 Finally, Bailey argues that the court erred in refusing to give his submitted jury instruction concerning impeachment of witnesses with convictions. "A district court judge has broad discretion in choosing the form and language of jury instructions " 'as long as the entire charge fairly and adequately contains the law applicable to the case.' " Cowens v. Siemens-Elema AB and Elema Schonander, Inc., 837 F.2d 817, 821-22 (8th Cir. 1988) (quoted cases omitted). The jury instructions adequately contained the applicable law of the case and the omission of this limiting instruction is not a sufficient basis upon which to reverse the jury verdict.
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas